UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELVIN SIMIEN, III** | : | **CIVIL ACTION NO. 15-cv-1192** |
| #15895-035 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **UNITED STATES** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Melvin Simien, III ("Simien"). Simien is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("DOC") and is incarcerated at Calcasieu Correctional Center in Lake Charles, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

On April 24, 2012, Simien made an initial appearance before the undersigned wherein he entered a plea of not guilty to conspiracy to defraud the United States, and interstate transportation of stolen vehicles. *United States v. Simien*, No. 2:12-cr-112(4) (W.D. La.), doc. 46. On April 26, 2012. a detention hearing was held. At the hearing the government withdrew its request for detention and Simien was released subject to certain conditions and posting a $25,000.00 unsecured bond. *Id.* at docs. 59, 60.

Following release, Simien was arrested in Lake Charles, Louisiana on November 12, 2012, by the Lake Charles Police Department and charged with armed robbery. *Id.* at doc. 99. A Petition for Action on Conditions of Pretrial Release was filed in this court and an arrest warrant was issued for Simien's arrest. *Id.* at docs. 99, 100. Prior to a hearing on the Petition for Action on Conditions of Pretrial Release, Simien changed his plea to guilty of conspiracy to defraud the United States. *Id.* at doc. 106. He was sentenced by this court on April 4, 2013, to thirty-three (33) months imprisonment with credit for time served. *Id.* at doc. 132.

On August 19, 2013, Simien filed a "Motion to Establish Time Served" which this court denied on August 22, 2013. *Id.* at docs. 136, 137. In its denial the court explained that Simien was being held in state custody and that all time served would be credited to his state sentence for armed robbery if convicted. *Id.*

On March 25, 2015, Simien filed a "Motion to Modify Sentence" in which he asked this court to award him credit for the time he has served since his arrest on November 12, 2012, toward his federal sentence. *Id.* at doc. 145. By Order dated April 9, 2015, the court reclassified his motion as a petition for a writ of habeas corpus which petition is now currently before the court. *Id.* at doc. 146.

On April 2, 2015, Simien pled guilty to the state charges of three counts of second degree robbery, amended from armed robbery, and was sentenced by the state court to thirty (30) years on each count, eighteen (18) years suspended, each count to run concurrent with each other. *See* Exhibit A, p. 10 attached hereto.[1] He is currently in state custody serving this sentence. *Id.* The United States Marshall for the Western District of Louisiana has placed a detainer on Simien

---

[1] In order for this court to make a proper determination of Simien's writ of habeas corpus, this court requested a copy of his Master Prison Record which was provided to the court by the Calcasieu Correctional Center and which is attached, under seal as it contains numerous personal identifiers, as Exhibit "A." The clerk is to provide Simien a copy of that record for his use.

requesting that he be detained and taken into federal custody at the completion of his state sentence to begin serving his thirty-three (33) months of federal time. *Id.* at p. 7.

In his petition currently before the court Simien claims he should be given credit toward his federal sentence for time spent in custody from April 4, 2013, the date he was sentenced on his federal charges. Doc. 5, pp. 6–8.

## II.
### LAW AND ANALYSIS

Simien's argument, that he is entitled to credit toward his federal sentence for the time spent in state custody implicates 18 U.S.C. § 3585(b). That statute, entitled "calculation of a term of imprisonment," provides in pertinent part:

> **Credit for prior custody.--**A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.*** (Emphasis added).

Since he was arrested on November 12, 2012 Simien has been in state custody. Though he was arrested on the state armed robbery charges after commission of the federal offenses, he had been released from federal custody pursuant to pretrial release at the time. He has been in state custody and the time he has spent in jail since November 12, 2012 will be credited to his state sentence.

Title 18 U.S.C. § 3585(b) prohibits Simien from receiving credit toward his federal sentence if it is credited toward his state sentence. Since Simien's federal sentence was not ordered to run concurrent to the state charges, he will begin serving his federal sentence after the expiration of his state sentence. Any time he spent in federal custody (from the date of his arrest on the

federal charges until the date of his pretrial release) will be credited to his federal time when he begins to serve that sentence. In short, Simien has not shown that he has been denied credit for time served in violation of § 3585(b) or any other law.

### III.
### CONCLUSION

Simien has not shown that his custody is in violation of the Constitution or other laws of the United States and his claims should therefore be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Simien's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

**A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 19th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE